UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

VIVINE WANG,

                Plaintiff,                11 Civ. 5643

  -against-                             OPINION


THE BEAR STEARNS COMPANIES,INC., et al.,

                Defendants.

------------------------------------------X

A P P E A R A N C E S:

        Attorneys for Plaintiff

        GHODS LAW FIRM
        2100 North Broadway
        Suite 300
        Santa Anna, CA 92706
        By:  Jeremy A. Rhyne, Esq.
             Mohammed K. Ghods, Esq.
             William A. Stahr, Esq.

        MCCABE & MACK LLP
        63 Washington Street
        P.O. Box 509
        Poughkeepsie, NY 12602
        By:  Richard R. Duvall, Esq.


        Attorneys for Defendant The Bear Stearns Companies
        LLC, J.P. Morgan Securities LLC, J.P. Morgan Clearing
        Corp., Joey Zhou, and Garrett Bland

        PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
        1285 Avenue of the Americas
        New York, NY  10019
        By:  Eric S. Goldstein, Esq.
             Brad S. Carp, Esq.



   Jessica S. Carey, Esq.
   Jonathan Hurwitz, Esq.

Attorneys for Defendant Alan D. Schwartz

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Times Square
New York, NY 10036-6522
By: Jay B. Kasner, Esq.
   Susan Saltzstein, Esq.

Attorneys for Defendant Alan C. Greenberg

SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, NY 10022
By: Alan R. Glickman, Esq.
   Marguerite Gardiner, Esq.

**Sweet, D.J.**

Plaintiff Vivine Wang ("Wang" or "Plaintiff") has moved for an order suggesting to the Judicial Panel on Multidistrict Litigation (the "Panel") that Plaintiff's case be remanded to its original transferor court in the Central District of California. Based on the conclusions set forth below, the motion is denied.

**Prior Proceedings**

On March 29, 2011 the Plaintiff filed a complaint ("Complaint") in the Central District of California that asserted, *inter alia*, claims for violations of federal securities laws, as well as various common law and California statutory claims, arising from the monetary losses she suffered as a result of the demise of Bear Stearns in 2008.

On August 15, 2011, over Plaintiff's objection, the Panel transferred Plaintiff's case to this Court for coordinated or consolidated pretrial proceedings with In re Bear Stearns Cos., Inc. Securities Litigation, No. 08 Civ. 2793 (RWS) (the "Securities Action"). The Court subsequently granted

2

Plaintiff's request to have her action coordinated, rather than consolidated, with the Securities Action. See Dkt. No. 53.

On June 6, 2011, the Court entered a case management order in the Securities Action which governed, among other things, the discovery process for all consolidated or coordinated actions. See 08 M.D.L. 1963 (S.D.N.Y.), Dkt. No. 207 (the "CMO"). Pursuant to the CMO, "[a]ll documents produced in the Securities Action shall be made available and be deemed to have been produced in the Consolidated and Coordinated Actions." CMO ¶ 17(a)(1). In addition, the CMO stated that "[a]ll discovery obtained by any party in the Securities Action, Consolidated Actions, or Coordinated Actions shall be deemed discovered in All Actions." Id. ¶ 19. In addition to common discovery conducted by lead counsel, the CMO designated Boies, Schiller & Flexner as Liaison Counsel to act on behalf of plaintiffs with respect to issues unique to individual actions, including conducting non-duplicative "unique" discovery. Id. ¶¶ 9-11, 17(b).

Lead plaintiff ("Lead Plaintiff") and defendants in the Securities Action engaged in extensive fact discovery during the course of 2011 and 2012, resulting in the production of over nine million pages of documents. However, during that period no

3

fact depositions were taken, and only limited expert discovery (in connection with Lead Plaintiff's motion for class certification) was conducted.

The parties to the Securities Action began settlement discussions in May 2012, and in June 2012, the Court granted preliminary approval to the proposed settlement and approved the notice to be sent to putative settlement class members. The Securities Action claims administrator received 111 timely requests for exclusion from the settlement class, including a request from Plaintiff. On November 29, 2012 a final order and judgment was issued settling the Securities Action.

The instant motion was filed on February 7, 2013 and was heard and marked fully submitted on April 3, 2013.

**Discussion**

Once transferred and consolidated or coordinated by order of the Panel, an action can be remanded to its court of origin prior to the completion of pretrial proceedings "only upon a showing of good cause." In re Integrated Res., Inc., 851 F. Supp. 556, 562 (S.D.N.Y. 1994) (quoting In re South Central States Bakery Prods. Antitrust Litig., 464 F. Supp. 388, 390

4

(J.P.M.L. 1978)). The party seeking remand bears the burden of establishing that remand is warranted. Id.

In determining whether good cause exists for remand, courts generally consider "whether the case will benefit from further coordinated proceedings as part of the MDL." In re Bridgestone/Firestone, Inc., 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001) (citing In re Air Crash Disaster as Tenerife, Canary Islands on March 27, 1997, 461 F. Supp. 671, 672-73 (J.P.M.L. 1978)). Remand is not appropriate when continued consolidation or coordination "will 'eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.'" In re Merrill Lynch Auction Rate Sec. Litig., No. 09 MD 2030 (LAP), 2010 WL 2541227, at *2 (S.D.N.Y. June 11, 2010) (quoting In re Heritage Bonds Litig., 217 F. Supp. 2d 1369, 1370 (J.P.M.L. 2002)).

With respect to the actions consolidated or coordinated with the Securities Action - of which Plaintiff's action is one - pretrial proceedings have not yet been completed. Although extensive common discovery was conducted by Lead Plaintiff in the Securities Action, significant pretrial proceedings remain for those plaintiffs who chose to opt-out of the settlement class, including fact depositions and expert

discovery.  See Declaration of Rachale C. Miller In Support of Opposition to Vivine Wang's Motion for an Order Suggesting Remand ("Miller Decl.") ¶ 8.

Plaintiff has contended that remand is nonetheless warranted because she has sued entities and individuals who were not defendants in the Securities Action and because her complaint asserts allegedly unique claims under the California securities laws, and as a result necessitates the opportunity to conduct her own unique discovery.  Plaintiff previously made the same argument to the Panel in objecting to the transfer of her action to this Court, and the Panel rejected her reasoning, holding that "the presence of additional or differing legal theories is not significant when the actions still arise from a common factual core, in this instance, the financial crisis at Bear Stearns in March 2008 and its effect on investors and others."  Miller Decl. Ex. A at 2.  The Panel's reasoning is equally applicable to Plaintiff's instant motion.  In addition, Plaintiff herself has previously acknowledged that "coordination of discovery and other pre-trial activities with MDL 1963 would appear to make some sense given that some of her claims mirror those asserted in the consolidated class action complaint and are based on some of the same evidence."  Miller Decl. Ex. C at 7.

The cases cited by Plaintiff are inapposite, as none of them support granting a motion to remand to the transferor court where, as here, pretrial proceedings have not concluded. In some of the cases, the court denied a motion for remand on the ground that the cases in the MDL proceedings were still moving forward. See, e.g., In re Merrill Lynch, 2010 WL 2541227, at *3-4; In re Patenaude, 210 F.3d 135, 146 (3d Cir. 2000). In the other cases upon which Plaintiff relies, the remand motions were granted on the express grounds that pretrial proceedings on common issues had been completed, see In re Activated Carbon-Based Hunting Clothing Marketing & Sales Practices Litig., 840 F. Supp. 2d 1193, 1198 (D. Minn. 2012); In re Air Crash Disaster, 461 F. Supp. At 672-73; In re A.H. Robins Co., Inc., "Dalkon Shield" IUD Prods. Liab. Litig., 453 F. Supp. 108, 109 (J.P.M.L. 1978); In re King Res. Co. Sec. Litig., 352 F. Supp. 974, 975 (J.P.M.L. 1972), which of course is not true here.

Plaintiff has also contended that remand is merited due to the settlement of the Securities Action. However, even where "virtually all the actions with which [a] case was consolidated have . . . been settled," remand is not required. In re Integrated Res. Inc., No. 92 Civ. 4555 (RWS), 1995 WL

7

234975, at *4 (S.D.N.Y. Apr. 21, 1995). "The mere fact that pretrial proceedings have been concluded in some or most of the transferred cases does not justify remand of other cases initially transferred by the Panel. Even if the transferee court had disposed of all but one transferred case, the Panel may refuse to remand that single case to the transferor district because discovery still remained to be completed in that case." David F. Herr, Multidistrict Litigation Manual § 10:7 (2012 ed.); see also In re CBS Color Tube Patent Litig., 342 F. Supp. 1403, 1405 (J.P.M.L. 1972) (finding that it was not necessary to remand an action "in which discovery is not yet completed . . . simply because all other consolidated cases in the transferee court have been dismissed or terminated in some way"); In re Holiday Magic Sec. & Antitrust Litig., 433 F. Supp. 1125, 1126 (J.P.M.L. 1977).

Moreover, "a key principle of the multi-district scheme involves the accrual of judicial expertise. It is a fundamental assumption of the multidistrict system that having only one court sort out the facts of complex and multi-faceted transactions and occurrences which have given rise to many competing legal claims well serves the goal of judicial economy. In re Integrated Res., Inc., 1995 WL 234975, at *4. If an action were remanded to the transferor court prior to the

8

completion of pretrial proceedings, the recipient court would be required "to make its own way up [the] same learning curve, resulting in just that duplication of efforts that the multidistrict system is designed to avoid." Id.

Here, the Court has accrued significant familiarity with complex factual and legal issues that are relevant not only to the Securities Action, but also to the opt-out actions – including that of Plaintiff. Numerous orders have been issued with respect to the Securities Action and the related derivative and ERISA class actions, as well as rulings on motions to dismiss in all three class actions. In addition, the Court has supervised extensive discovery in the Securities Action, and analyzed the substance and strength of the asserted federal securities claims in the course of approving the settlement. See In re Bear Stearns Cos., Inc., Sec., Derivative and ERISA Litig., --- F. Supp. 2d ---, No. 08 MDL 1963 (RWS), 2012 WL 5465381, at **4-7 (S.D.N.Y. Nov. 9, 2012). Accordingly, the Court's retention of the instant action will serve the interests of "conserv[ing] the resources of the parties, their counsel and the judiciary" by preventing duplicative discovery and judicial effort, and avoiding inconsistent rulings. In re Merrill Lynch, 2010 WL 2541227, at *3.

9

## Conclusion

For the above-stated reasons, Plaintiff's motion for an order suggesting remand is denied.

**New York, NY**
**July 7, 2013**

_____
ROBERT W. SWEET
U.S.D.J.

10