UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
IN RE THE BEAR STEARNS COMPANIES, : 
INC. SECURITIES, DERIVATIVE, AND ERISA : Master File No.:
LITIGATION : 08 M.D.L. 1963 (RWS)
:
: ECF Case
This Document Relates To: :
: Oral Argument Requested
    Securities Action, No. 08 Civ. 2793 (RWS) :
:
------------------------------------------------------------------x
JAMES M. CROWE and VALERIE M. CROWE, :
: Index No.:
                    Plaintiffs, : 09 Civ. 778 (RWS)
:
   v. :
:
JPMORGAN CHASE & CO., ALAN D. SCHWARTZ, :
SAMUEL L. MOLINARO, JR., and ALAN C. :
GREENBERG, :
:
                    Defendants. :
:
------------------------------------------------------------------x
BRUCE S. SHERMAN, :
: Index No.:
                    Plaintiff, : 09 Civ. 8161 (RWS)
:
   v. :
:
BEAR STEARNS COMPANIES INC., JAMES :
CAYNE, WARREN SPECTOR and DELOITTE & :
TOUCHE LLP, :
:
                  Defendants. :
:
------------------------------------------------------------------x

```
-----------------------------------------------------------------x
VIVINE H. WANG,                                                  :
                                                                 :   Index No.:
                                            Plaintiff,           :   11 Civ. 5643 (RWS)
                                                                 :
        v.                                                       :
                                                                 :
THE BEAR STEARNS COMPANIES LLC,                                  :
J.P.MORGAN SECURITIES LLC; J.P.MORGAN                            :
CLEARING CORP., DELOITTE & TOUCHE                                :
LLP, ALAN D. SCHWARTZ, ALAN C.                                   :
GREENBERG, JOEY ZHOU, and GARRETT                                :
BLAND,                                                           :
                                                                 :
                                            Defendants.          :
                                                                 :
-----------------------------------------------------------------x
SRM GLOBAL MASTER FUND LIMITED                                   :
PARTNERSHIP,                                                     :   Index No.:
                                                                 :   13 Civ 2692 (RWS)
                                            Plaintiff,           :
                                                                 :
        v.                                                       :
                                                                 :
THE BEAR STEARNS COMPANIES LLC                                   :
(F/K/A BEAR STEARNS COMPANIES INC.),                             :
ALAN D. SCHWARTZ, SAMUEL L.                                      :
MOLINARO, JR., JAMES CAYNE, WARREN                               :
SPECTOR and DELOITTE & TOUCHE LLP,                               :
                                                                 :
                                            Defendants.          :
-----------------------------------------------------------------x
```

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
THE BEAR STEARNS COMPANIES INC. (N/K/A THE BEAR STEARNS
COMPANIES LLC), JPMORGAN CHASE & CO., J.P. MORGAN SECURITIES
LLC, J.P. MORGAN CLEARING CORP., JOE Y. ZHOU,
<u>AND GARRETT BLAND'S MOTION TO QUASH</u>**

                        PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Tel.: (212) 373-3000
Fax: (212) 757-3990

*Attorneys for Defendants The Bear Stearns Companies Inc. (N/K/A The Bear Stearns Companies LLC), JPMorgan Chase & Co., J.P. Morgan Securities LLC, J.P. Morgan Clearing Corp., Joe Y. Zhou, and Garrett Bland*

October 15, 2013

## TABLE OF CONTENTS

**Page**

Table of Authorities ..................................................................................................................... ii

Preliminary Statement ................................................................................................................ 1

Background ................................................................................................................................ 2

      A.      The Coordinated Actions ............................................................................................ 2

      B.      The Second Case Management Order ....................................................................... 3

      C.      The Subpoenas ........................................................................................................... 4

Argument .................................................................................................................................... 5

THE COURT SHOULD QUASH THE SUBPOENAS BECAUSE DISCOVERY
         IS STAYED UNDER THE PSLRA ..................................................................................... 5

Conclusion .................................................................................................................................. 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Cree, Inc. Sec. Litig.*,
220 F.R.D. 443 (M.D.N.C. 2004)...........................................................................................6

*Faulkner v. Verizon Comm'ns, Inc.*,
156 F. Supp. 2d 384 (S.D.N.Y. 2001).....................................................................................6

*In re Initial Public Offering Sec. Litig.*,
236 F. Supp. 2d 286 (S.D.N.Y. 2002)..................................................................................6, 7

*Kuriakose v. Fed. Home Loan Mortg. Co.*,
674 F. Supp. 2d 483 (S.D.N.Y. 2009)..................................................................................7, 8

*Mori v. Saito*,
802 F. Supp.2d 520 (S.D.N.Y. 2011).......................................................................................6

*NECA-IBEW Pension Trust Fund v. Bank of Am. Corp.*,
No. 10 Civ. 440 (LAK) (HBP), 2011 WL 6844456 (S.D.N.Y. Dec. 29, 2011)........................................................................................................................................7

*Novak v. Kasaks*,
No. 96 Civ. 3073 (AGS), 1996 WL467534 (S.D.N.Y. Aug. 16, 1996)..........................6

*Podany v. Robertson Stephens, Inc.*,
350 F. Supp. 2d 375 (S.D.N.Y. 2004).....................................................................................5

*Powers v. Eichen*,
961 F. Supp. 233 (S.D. Cal. 1997)..........................................................................................6

*In re Refco, Inc. Sec. Litig.*,
No. 05 Civ. 8626 (GEL), 2006 WL 2337212 (S.D.N.Y. Aug. 8, 2006)......................8

*In re Smith Barney Transfer Agent Litig.*,
No. 05 Civ. 7583 (WHP), 2006 WL 1738078 (S.D.N.Y. June 26, 2006).........................................................................................................................................7

*Union Cent. Life Ins. Co. v. Ally Fin., Inc.*,
No. 11 Civ. 2890 (GBD) (JCF), 2012 WL 3553052 (S.D.N.Y. Aug. 17, 2012)..................................................................................................................................5, 6

*In re Vivendi Universal, S.A. Sec. Litig.*,
381 F. Supp. 2d 129 (S.D.N.Y. 2003)..................................................................................5, 7

**Statutes**

15 U.S.C. § 78u-4(b)(3)(B) .................................................................................................. 1, 5, 7

**Other Authorities**

Fed. R. Civ. P. 45(c)(3) ................................................................................................................ 1

Pursuant to Federal Rule of Civil Procedure 45(c)(3) and the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B), defendants The Bear Stearns Companies Inc., now known as The Bear Stearns Companies LLC ("Bear Stearns"), JPMorgan Chase & Co., J.P. Morgan Securities LLC, J.P. Morgan Clearing Corp., Joe Y. Zhou, and Garrett Bland respectfully submit this memorandum of law in support of their motion to quash subpoenas purportedly served by Liaison Counsel seeking deposition testimony of Jeffrey Verschleiser, Thomas Marano, Matthew Tannin, and Ralph Cioffi, all former executives of Bear Stearns or its affiliates.

PRELIMINARY STATEMENT

Plaintiffs in the four above-captioned securities actions currently pending before this Court all chose to "opt out" from the 2012 settlement of the Bear Stearns securities class action and pursue their individual claims against Bear Stearns. Pursuant to orders of the Judicial Panel on Multidistrict Litigation and this Court, these opt out actions have been consolidated or coordinated for all pretrial purposes, including discovery. Indeed, the Second Case Management Order ("CMO"), which applies to these actions, provides that Liaison Counsel is required to coordinate *all* common discovery, and expressly precludes taking depositions in less than all of the actions. *See In re: The Bear Stearns Companies, Inc.*, No. 08 MDL 1963 (S.D.N.Y.) (RWS) (Dkt. No. 346). In particular, the CMO provides that "[a]ll depositions conducted in *any* Opt Out Action shall be deemed to have been conducted in *all* of the Opt Out Actions without further order of the Court" (CMO ¶ 6(a)(2) (emphasis added)), and no witness may be deposed more than once without leave of the court (CMO ¶ 9).

The four subpoenas that are the subject of this motion—which seek deposition testimony from nonparties—all were issued by a single plaintiff, Bruce S.

1

Sherman, who is represnted by the Court-appointed Liaison Counsel, Boies, Schiller & Flexner LLP. The subpoenas should be quashed because, as Liaison Counsel knows, discovery is presently stayed under the PSLRA in two of the four opt out actions until this Court rules on the pending motions to dismiss filed by defendants in those actions. Allowing Liaison Counsel to conduct depositions in one opt out action on issues common to all opt out actions, while two of those actions are stayed, would result in an inappropriate end run around the PSLRA stay, is contrary to the express terms of the CMO, which was designed to promote efficiency by requiring coordinated discovery in all of the opt out actions, and would prejudice the subpoenaed nonparties by exposing them to the risk of burdensome additional depositions in the matters that currently are stayed.

## BACKGROUND

### A.   The Coordinated Actions

On January 6, 2009, this Court entered an Order consolidating various related actions, including a shareholder class action and related individual actions, alleging violations of the federal securities laws against Bear Stearns and related entities and individuals under the caption *In re The Bear Stearns Cos., Inc. Securities Litigation*, No. 08 Civ. 2793 (S.D.N.Y.) (RWS) (the "Securities Action"), and appointing Boies Schiller & Flexner LLP ("Boies Schiller") as Liaison Counsel.

All of the currently pending actions are part of that consolidated/ coordinated proceeding. The *Crowe* action was commenced on January 27, 2009, and was consolidated with the Securities Action over the Crowes' objection, by Order filed June 6, 2011. *In re: The Bear Stearns Cos, Inc.*, No. 08 MDL 1963 (S.D.N.Y.) (RWS) (Dkt. No. 207). The *Sherman* action was commenced on September 24, 2009, and

2

coordinated with the Securities Action by Order filed June 6, 2011. *Id.* The *Wang* action was filed on March 29, 2011, transferred to this Court on August 15, 2011 over Mrs. Wang's objection, and coordinated with the Securities Action by Order filed February 6, 2012. *Wang v. The Bear Stearns Companies LLC.*, No. 11 Civ. 5643 (S.D.N.Y.) (RWS) (Dkt. No. 53). And, on April 24, 2013, the *SRM* complaint was filed, and, on May 21, 2013, that case was coordinated with the other pending opt out actions. CMO ¶ 1.

The class action was settled in May 2012, and the final order and judgment was entered on November 29, 2012. A number of class members opted out of the settlement, including the plaintiffs in *Crowe*, *Sherman*, *Wang*, and *SRM* (the "Opt Out Actions").

Motions to dismiss are pending in the *Wang* and *SRM* actions. Defendants in the *SRM* Action moved to dismiss that action on July 2, 2013. The motion is fully briefed, and the Court has scheduled argument on October 23, 2013. Defendants Garrett Bland and Joey Zhou moved to dismiss the *Wang* Action on July 2, 2013. Wang's opposition papers were filed on October 4, 2013, and defendants Bland and Zhou's reply is due November 4, 2013. The Court has scheduled argument on November 20, 2013.

B.  **The Second Case Management Order**

On May 21, 2013, the Court entered the CMO, which, among other things, governs discovery in the Opt Out Actions.

The CMO imposes a detailed regimen for ensuring that discovery in these actions proceeds in a coordinated and efficient manner. Pursuant to the CMO, Boies Schiller (counsel for plaintiffs in *Sherman* and *SRM*) is the Liaison Counsel responsible for coordinating discovery. CMO at 2. As Liaison Counsel, Boies Schiller is responsible for conducting "[a]ll remaining discovery of defendants or third parties that is common to

3

the Opt Out Actions." *Id.* ¶ 6(a). Boies Schiller is also responsible for "[c]oordinat[ing] the taking of any remaining discovery that is unique to one or more of the Opt Out Actions." *Id.* ¶ 3(d). The CMO further provides that all documents that have been or will be produced in any of the coordinated actions will be deemed to have been produced in all of the actions. *Id.* ¶ 6(a)(1). The Order directs all counsel to use best efforts "to avoid duplication, inefficiency, and inconvenience to the Court, other parties, other counsel and witnesses." *Id.* ¶ 16.

The CMO specifically requires depositions in any of the pending cases to be taken only once in all cases. Thus, the Order states that "[a]ll depositions conducted in any Opt Out Action shall be deemed to have been conducted in all of the Opt Out Actions without further order of the Court." *Id.* ¶ 6(a)(2). It provides further that "[w]ithout leave of the Court, no witness who has been deposed in an Opt Out Action may be deposed again, either in that Opt Out Action or in any other Opt Out action." *Id.* ¶ 9. The CMO further specifies that the parties will agree on and submit for the Court's approval a deposition protocol for depositions of defendants or third parties. *Id.* ¶ 6(b). Liaison Counsel did not contact counsel for defendants prior to issuing the subpoenas, and has not attempted to confer with defense counsel regarding a deposition protocol. (*See* Declaration of Jessica S. Carey ("Carey Decl."), ¶ 9.)

C.   **The Subpoenas**

Between September 20 and 30, 2013, Liaison Counsel sent counsel for Bear Stearns copies of subpoenas issued in the *Sherman* action and directed to four nonparties who previously were employed by Bear Stearns or its affiliates. (*See* Carey Decl., Exs. 1-6.) The subpoenas seek deposition testimony from Thomas Marano, the former global head of mortgage and asset-backed securities at Bear Stearns; Jeffrey

4

Verschleiser, who reported to Marano and once served as head of asset-backed securities; and Ralph Cioffi and Matthew Tannin, portfolio managers for certain hedge funds operated by a Bear Stearns affiliate. The notices of deposition that accompany the subpoenas do not include topics on which the nonparties' testimony is sought, and it is not clear that the depositions seek information relevant to plaintiff's claims. The subpoenas purport to be returnable on various dates between October 22 and November 5, 2013.

### ARGUMENT

### THE COURT SHOULD QUASH THE SUBPOENAS BECAUSE DISCOVERY IS STAYED UNDER THE PSLRA

Under the PSLRA, "all discovery and other proceedings" are stayed "during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B). "[C]ourts have broadly construed the scope of the [PSLRA] stay provision." *Union Cent. Life Ins. Co. v. Ally Fin., Inc.*, No. 11 Civ. 2890 (GBD) (JCF), 2012 WL 3553052, at *2 (S.D.N.Y. Aug. 17, 2012) (citation omitted). Thus, "[u]nless exceptional circumstances are present, discovery in securities actions is permitted only after the court has sustained the legal sufficiency of the complaint." *In re Vivendi Universal, S.A. Sec. Litig.*, 381 F. Supp. 2d 129, 130 (S.D.N.Y. 2003) (citation omitted); *see also Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004) (finding that the PSLRA "creat[es] a strong presumption that *no* discovery should take place until a court has affirmatively decided that a complaint *does* state a claim under the securities laws, by denying a motion to dismiss"). "The prohibition against plaintiffs conducting discovery while a motion to

dismiss the complaint is pending reflects the balance that Congress chose to strike between the rights of defendants and plaintiffs in securities actions by allowing a defendant to test the adequacy of the complaint before incurring the burden and expense of responding to extensive discovery demands." *In re Initial Public Offering Sec. Litig.*, 236 F. Supp. 2d 286, 287 (S.D.N.Y. 2002). The stay provisions are "routinely appl[ied]" "to individual as well as class actions." *Union Cent. Life Ins. Co.*, 2012 WL 3553052, at *4 (citing cases).

The "PSLRA does not distinguish between discovery of non-parties and parties." *Faulkner* v. *Verizon Comm'ns, Inc.*, 156 F. Supp. 2d 384, 404 (S.D.N.Y. 2001). Because the PSLRA "addresses 'all discovery' with no distinction between that sought from nonparties as opposed to parties," defendants have standing to seek a stay of subpoenas issued to nonparties. *Powers* v. *Eichen*, 961 F. Supp. 233, 235 (S.D. Cal. 1997); *In re Cree, Inc. Sec. Litig.*, 220 F.R.D. 443, 446 (M.D.N.C. 2004) ("Given the intent of the stay provision and its application to all types of discovery, Defendants have standing to challenge Plaintiffs' subpoenas."). *Cf. Mori* v. *Saito*, 802 F. Supp.2d 520, 526-27 (S.D.N.Y. 2011) (denying motion to lift PSLRA discovery stay in order to issue three third-party subpoenas after certain defendants objected); *Novak* v. *Kasaks*, No. 96 Civ. 3073 (AGS), 1996 WL467534, at *2 (S.D.N.Y. Aug. 16, 1996) (granting defendants' motion to stay all discovery until the court ruled on pending motion to dismiss, including third-party discovery).

The subpoenas should be quashed because they violate the PSLRA's automatic stay. As noted, motions to dismiss are currently pending in both *SRM* and *Wang*, and those motions are scheduled to be argued within the next 45 days. As the

statutory language and the cases cited above make clear, discovery is not permitted until the Court determines whether the complaints state a claim under the securities laws.

While the statute authorizes the Court on motion to permit particularized discovery while a motion to dismiss is pending if such discovery "is necessary to preserve evidence or to prevent undue prejudice" to the party seeking discovery, 15 U.S.C. § 78u-4(b)(3)(B), that exception to the stay does not apply here. First, Liaison Counsel has not made such a motion. Second, even if it were to do so, it could not come close to making a showing that discovery at this juncture is necessary to preserve evidence or prevent undue prejudice. There is no risk here of spoliation of evidence: plaintiffs have already received more than 5 million pages of documents from Bear Stearns (Carey Decl. ¶ 8), and there is no reason to believe that any of the witnesses will not be available to testify about the relevant events after the Court rules on the pending motions. *See In re Vivendi Universal*, 381 F. Supp. 2d at 130 (finding that a "party alleging that discovery is necessary to preserve evidence must make a specific showing that the loss of evidence is imminent as opposed to merely speculative" (citation and ellipses omitted).) "Undue prejudice . . . means improper or unfair treatment amounting to something less than irreparable harm." *Kuriakose v. Fed. Home Loan Mortg. Co.*, 674 F. Supp. 2d 483, 488 (S.D.N.Y. 2009) (citation omitted). As the court emphasized in *In re Initial Public Offering Sec. Litig.*, 236 F. Supp. 2d at 287, "simple delay" is not sufficient to demonstrate undue prejudice, because delay is inherent in any stay. *See also In re Smith Barney Transfer Agent Litig.*, No. 05 Civ. 7583 (WHP), 2006 WL 1738078, at *2 (S.D.N.Y. June 26, 2006) ("'Undue prejudice' does not arise from a delay in the gathering of evidence or the development of settlement or litigation postures."); *NECA-*

*IBEW Pension Trust Fund* v. *Bank of Am. Corp.*, No. 10 Civ. 440 (LAK) (HBP), 2011 WL 6844456, at *2-3 (S.D.N.Y. Dec. 29, 2011); *Kuriakose*, 674 F. Supp. 2d at 489 ("[T]he mere fact that the discovery stay will prevent Plaintiffs from collecting evidence to assist in potential settlement negotiations or plan their litigation strategy does not constitute undue prejudice." (citation omitted)); *In re Refco, Inc. Sec. Litig.*, No. 05 Civ. 8626 (GEL), 2006 WL 2337212, at *2 (S.D.N.Y. Aug. 8, 2006) ("Plaintiffs' inability to gather evidence for settlement negotiations or to plan a litigation strategy is not evidence of undue prejudice.").

Nor can Liaison Counsel circumvent the PSLRA stay by captioning the subpoenas in the *Sherman* action, where no motion to dismiss is pending. As discussed above, the CMO does not permit depositions to be taken in only one of these cases. Rather, the CMO provides that any deposition conducted in this action will be deemed to be conducted in all actions, including those in which the PSLRA stay is in place, and no witness may be deposed more than once in these actions. Permitting plaintiffs to proceed with depositions in the *Sherman* action while discovery is stayed in *SRM* and *Wang* will thus either (i) violate the CMO, undermine the efficiencies of coordinated discovery by permitting a witness to be deposed in only one of these cases, and prejudice the nonparties by exposing them to the risk of multiple, burdensome depositions; or (ii) violate the PSLRA by permitting discovery in *SRM* and *Wang* while those cases are stayed, with no showing of necessity as required by the statute.[1] Either way, Liaison

---

[1] Liaison Counsel may argue that taking these depositions now is necessitated by the current deadline for completion of fact discovery, January 20, 2014. But that deadline, which the Court of course may extend, does not establish the showing of necessity the statute requires before the stay can be lifted. And, as a practical matter, if discovery cannot be completed before the current deadline, it would be far more

Counsel should not be permitted to proceed with depositions in *Sherman* until this Court decides the pending motions to dismiss in *SRM* and *Wang*.

## CONCLUSION

For the foregoing reasons, Bear Stearns respectfully requests that the Court quash the subpoenas.

Dated:   October 15, 2013
         New York, New York

>                    PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
>
>                    By: _____
>                        Brad S. Karp (bkarp@paulweiss.com)
>                        Eric S. Goldstein (egoldstein@paulweiss.com)
>                        Jessica S. Carey (jcarey@paulweiss.com)
>                        Jonathan Hurwitz (jhurwitz@paulweiss.com)
>                    1285 Avenue of the Americas
>                    New York, New York 10019-6064
>                    Tel.   (212) 373-3000
>                    Fax    (212) 757-3980
>
>                    *Attorneys for Defendants The Bear Stearns Companies Inc. (N/K/A The Bear Stearns Companies LLC), JPMorgan Chase & Co., J.P. Morgan Securities LLC, J.P. Morgan Clearing Corp., Joe Y. Zhou, and Garrett Bland*

---

efficient to extend the deadline rather than permit discovery to proceed in an uncoordinated and duplicative fashion.